## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CR-09-327-M |
| | ) | |
| ROBERT M. LANGFORD, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

Defendant Robert M. Langford appeals the judgment of conviction and sentence imposed by United States Magistrate Judge Shon T. Erwin in a misdemeanor case. Defendant's appeal is brought under Rule 58(g) of the Federal Rules of Criminal Procedure. This Court has jurisdiction of defendant's appeal pursuant to 18 U.S.C. § 3742(g).

### I. Background

On August 2, 2006, a one count Information was filed charging defendant with being present as a spectator at a place where a cock fight was occurring in violation of 18 U.S.C. §§ 13, 1151, 1152.[1] On August 23, 2006, defendant was arraigned, at which time defendant entered a plea of not guilty, consented to trial before a magistrate judge, and demanded a jury trial.

On November 29, 2006, defendant filed a *pro se* Motion to Dismiss for Lack of Jurisdiction. On December 12, 2006, the government responded. A pretrial hearing was held on January 8, 2007, and at said hearing, the Magistrate Judge denied defendant's motion to dismiss.

---

[1] There were approximately seventy-five (75) other individuals who were cited at the same time and location as defendant and had similar charges.

On January 23, 2007, the jury trial commenced for the consolidated cases of defendant and three other defendants. The trial concluded on January 25, 2007, with the jury finding defendant guilty on Count One. The Magistrate Judge ordered a presentence investigation, and the sentencing hearing was set for June 20, 2007. At the sentencing hearing, the Magistrate Judge sentenced defendant to a term of probation for twenty-four months, a fine of $1,975.00, and a $25.00 special assessment.

Counsel for defendant timely filed a notice of appeal on June 29, 2007. On appeal, this Court affirmed defendant's conviction, vacated defendant's sentence, and remanded the case to the magistrate court with directions to re-sentence defendant in accordance with the Court's order. Defendant attempted to appeal this Court's order, but the Tenth Circuit dismissed the Notice of Appeal for lack of appellate jurisdiction.

On June 25, 2009, the Magistrate Judge re-sentenced defendant to a term of probation for twelve months, with credit for time served since June 20, 2007, a fine of $475.00, and a $25.00 special assessment. Additionally, the Magistrate Judge entered a separate order directing the Court Clerk to mail a refund check for $1,166.60 to defendant. Counsel for defendant once again timely filed a notice of appeal on July 8, 2009.[2]

II.     Discussion

In reviewing a judgment and sentence imposed by a United States Magistrate Judge, a district court functions as an appellate court:

> Post-conviction review of a magistrate judge's judgment is governed by same standards as appeal from judgment of a federal district court

---

[2] Defendant has elected to simply adopt the brief and appendix utilized during the 2007 appeal.

> to the court of appeals. [The Court] review[s] the Magistrate Judge's conclusions of law *de novo*, applying the same standard used by the Magistrate Judge in making his initial ruling. [The Court] review[s] the Magistrate Judge's fact findings for clear error. A finding of fact is "clearly erroneous" if it is without factual support in the record or if the appellate court, after reviewing all the evidence, is left with a definite and firm conviction that a mistake has been made.

*United States v. Ellison*, 112 F. Supp. 2d 1234, 1236 (D. Colo. 2000) (internal quotations and citations omitted).

In his appeal, defendant contends that the court never had jurisdiction over his case and that defendant's arrest on Indian land by a state law enforcement officer was unauthorized and void.

A. Jurisdiction

In 1817, the United States Congress passed the Indian Country Crimes Act ("ICCA"), which made federal laws, known as enclave laws, applicable to crimes committed in areas "within the sole and exclusive jurisdiction of the United States," including Indian Country.[3] The ICCA provides:

> Except as otherwise expressly provided by law, the general laws of the United States as to the punishment of offenses committed in any place within the sole and exclusive jurisdiction of the United States, except the District of Columbia, shall extend to the Indian country.
> This section shall not extend to offenses committed by one Indian against the person or property of another Indian, nor to any Indian committing any offense in the Indian country who has been punished by the local law of the tribe, or to any case where, by treaty stipulations, the exclusive jurisdiction over such offenses is or may be secured to the Indian tribes respectively.

18 U.S.C. § 1152.[4] Additionally, the Assimilative Crimes Act ("ACA") provides, in pertinent part:

---

[3] The parties do not dispute that the instant offense was committed in Indian Country.

[4] Because defendant in this case is not an Indian, the Court finds the second paragraph of the ICCA is not applicable. In his brief, defendant asserts that pursuant to the Indian Civil Rights Act, he is entitled to all rights afforded to tribal members. The Indian Civil Rights Act, however,

3

> Whoever within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title, or on, above, or below any portion of the territorial sea of the United States not within the jurisdiction of any States, Commonwealth, territory, possession, or district is guilty of any act or omission which, although not made punishable by any enactment of congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment.

18 U.S.C. § 13(a).

The Tenth Circuit has recognized:

> The purpose of the Assimilative Crimes Act is to provide a method of punishing a crime committed on government reservations in the way and to the extent that it would have been punishable if committed within the surrounding jurisdiction. *United States v. Dunn*, 545 F.2d 1281, 1282 (10th Cir. 1976). The Act fills in gaps in federal criminal law by providing a set of criminal laws for federal enclaves. *United States v. Mayberry*, 774 F.2d 1018, 1020 (10th Cir. 1985), *quoting United States v. Prejean*, 494 F.2d 495, 496 (5th Cir. 1974). The reason for adopting local laws is not that Congress passed on their merits after examining each individually, but that as a practical matter, Congress had to proceed on a wholesale basis to establish criminal laws for federal enclaves. *United States v. Sharpnack*, 355 U.S. 286, 293, 78 S. Ct. 291, 295, 2 L.Ed.2d 282 (1958).

*United States v. Sain*, 795 F.2d 888, 890 (10th Cir. 1986).

Because defendant is not an Indian, the Court, based upon the clear language of the ICCA and the ACA, finds that the court had jurisdiction in this case. Specifically, the Court finds that the ACA and ICCA allow federal enforcement of the Oklahoma criminal law against being present as

---

undertakes to single out the more important civil rights contained in the United States Constitution and to make those applicable to tribal members. *See Martinez v. Santa Claro Pueblo*, 540 F.2d 1039, 1042 (10th Cir. 1976). Because defendant is not a tribal member, the Court finds the Indian Civil Rights Act is inapplicable in this case.

a spectator at a place where a cock fight was occurring, Okla. Stat. tit. 21, § 1692.6. *See Ross v. Neff*, 905 F.2d 1349, 1353 (10th Cir. 1990) ("There is no question but that 18 U.S.C. § 13 would allow *federal* enforcement of the local ordinance against public intoxication involved in this case.") (emphasis in original). Further, the Court finds that assimilating the said Oklahoma law would not be inconsistent with federal policies. There are no treaty provisions protecting cockfighting, nor has the prohibition of and punishment for cockfighting been traditionally within the exclusive jurisdiction of the tribe.

Accordingly, the Court finds defendant's conviction should not be reversed on this basis.

B. Defendant's Arrest

Defendant contends his arrest on Indian land by a state law enforcement officer was unauthorized and void. The government contends that defendant was not arrested and willingly appeared to answer the court's citation in Lawton, Oklahoma. Having carefully reviewed the transcript of the trial, the Court has found, and defendant has cited to, no evidence that defendant was arrested by a state law enforcement officer. In fact, Palmer S. Mosley, the chief of police for the BIA in Anadarko, Oklahoma, testified that only two individuals, Justin McHone and Shan Gauchet, were actually arrested. *See* Transcript of jury trial at 257-58.

Accordingly, the Court finds defendant's conviction should not be reversed on this basis.

III. Conclusion

For the reasons set forth above, the Court AFFIRMS defendant's conviction and sentence.

**IT IS SO ORDERED this 10th day of March, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

5